IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| CARA RYAN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 8:19CV280 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| WILLIAM DRUCKLIEB, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

On June 27, 2019, Magistrate Judge Zwart filed a Findings and Recommendation in which the Magistrate Judge recommended that this case be remanded to the District Court of Sarpy County, Nebraska, for lack of federal subject matter jurisdiction. (Filing No. 3.) On July 11, 2019, I adopted the Magistrate Judge's Recommendation and issued a Judgment remanding this case to the District Court of Sarpy County, Nebraska. (Filing Nos. 5, 6.) After the Judgment was filed—but also on July 11, 2019—Defendant filed an Objection to the Magistrate Judge's Recommendation. (Filing No. 7.)

As a matter of clarification, the court would have adopted the Magistrate Judge's Recommendation had the court considered Defendant's Objection before issuing Judgment because it is clear that this court lacks subject matter jurisdiction over this dispute. This case is simply an attempt to appeal the presumed issuance of a Sarpy County District Court domestic abuse protection order or to dispute the truth of the contents of the petition and affidavit underlying the protection order. (Filing Nos. 7, 8.) Under the *Rooker-Feldman* doctrine, federal district courts lack subject matter jurisdiction to review final state judgments or to review claims that are inextricably intertwined with state court decisions, "even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005) ("Federal district courts . . . are empowered

to exercise original, not appellate, jurisdiction."; "The Rooker-Feldman doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."); *Amerson v. Iowa*, 94 F.3d 510, 513 (8th Cir. 1996) (it is "inappropriate for a federal court to address a claim that necessitates invalidating a state court judgment on a matter committed to the states in order to grant the relief sought").

Accordingly,

IT IS ORDERED that the Defendant's Objection (Filing No. 7) to the Magistrate Judge's Findings and Recommendation (Filing No. 3) is denied, and the court's Memorandum and Order and Judgment (Filing Nos. 5, 6) adopting such Recommendation and remanding this matter to the District Court of Sarpy County, Nebraska, remains unchanged.

DATED this 15th day of July, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge